# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| FREDERICK & JOELLE GERKIN | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1640 |
| HARTFORD INSURANCE | SECTION: "C" (3) |

## ORDER & REASONS[1]

This matter is before the Court on the issue of whether the jurisdictional amount in controversy existed on the date of filing. The Court ordered counsel to submit memoranda on the issue by April 30, 2009. Both parties argued that the jurisdictional minimum was satisfied. Having reviewed the record, memoranda of counsel, and the law, however, the Court has determined that it lacks subject matter jurisdiction for the following reasons.

## I. FACTUAL BACKGROUND

Plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Abram v. AAA Ins.*, Civil Action No. 07-5205, to recover payment for property damage under their insurance policy with Hartford Insurance Company of the Midwest following Hurricane Katrina. Rec. Doc. 1. Magistrate Judge Wilkinson, Jr. severed *Abram*. Rec. Doc. 1-3. Plaintiffs then filed an individualized amended complaint against the insurer. Rec. Doc. 1.

---

[1]Francisco A. Besosa-Martínez, a third-year student at Tulane University Law School, assisted in preparing this opinion.

On August 29, 2005, Hurricane Katrina allegedly damaged Plaintiffs' property, including damage to the roof, the interior and its contents, allegedly rendering the real property uninhabitable. Rec. Doc. 1 at 2. Plaintiffs estimate the damages to be $161,701 for structure, $50,000 for contents. Rec. Doc. 7 at 1. Plaintiffs fail, however, to submit any affirmative proof as ordered. Plaintiffs also seeks double damages pursuant to LSA R.S. § 22:1220, penalties pursuant to LSA R.S. § 22:658, attorney fees, and court costs. *Id.* at 1. At the time of this event, Plaintiffs claim an insurance policy covered the damaged property with Defendant, Hartford Insurance Company of the Midwest , a foreign corporation doing business in the State of Louisiana. Rec. Doc. 1. at 1-2. The policy limits were for $142,000 for dwelling, $14,200 for appurtenant structure, $99,400 for personal property, and $28,400 for additional living expenses.[2] Rec. Doc. 8 at 1-2. Plaintiffs failed, however, to submit a copy of their insurance policy. As of the date of filing, Plaintiffs allege they have not received any payment from Defendant pursuant to the insurance policy. Rec. Doc.7 at 1.

## II. LAW & ANALYSIS

### a. APPLICABLE LAW

Subject matter jurisdiction is awarded to federal courts in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States." 28 U.S.C.A. § 1332. In an action for declaratory relief, the amount in

---

[2]Both Plaintiffs and Defendant assert that Plaintiffs' policy limits are $142,000 for dwelling, $14,200 for appurtenant structure, $99,400 for personal property, and $28,400 for additional living expenses. Because Defendant provides documentary support for its assertion, this Court will treat these as the actual policy limits.

controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Furthermore, the person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). In cases originating in federal court, the plaintiff bears the burden of showing that the jurisdictional amount requirement is satisfied by his claim for relief. 14B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3702.

In regards to determining the amount in controversy, federal courts have adopted the legal-certainty test, which the Supreme Court described as follows:

> The rule of governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). This test, "[w]hether expressed in terms of 'good faith' or 'legal certainty,' [...] clearly favors those parties seeking to invoke the jurisdiction of a federal district court." *Opelika Nursing Home, Inc. v. Richardson*, 448

F.2d 658, 663 (5th Cir. 1971). As such, the fact that the plaintiff merely alleges that it "may" suffer injury in excess of the jurisdictional amount does not mean that there is a legal certainty that the claim is for less than the statutorily required amount. *See id.* Nevertheless, "a party may neither consent to nor waive federal subject matter jurisdiction" and "[f]ederal courts may examine the basis of jurisdiction *sua sponte*[.]" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Therefore, even if the parties agree to bring their case to federal court, the court itself may unilaterally determine that no such jurisdiction exists. *See id.* Nevertheless, a district court "should not dismiss a complaint without first giving the plaintiff an opportunity to respond."*Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir. 2008)

It should be noted, however, that the "legal certainty" test has "limited utility–in fact is inapplicable–when the plaintiff has alleged an indeterminate amount of damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Additionally, "bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *Id. (quoting Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993)). Furthermore, although most case law regarding the amount in controversy requirement under 28 U.S.C. § 1332 is concerned with removal from state to federal court, the Court of Appeals for the Fifth Circuit has found "the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions[.]" *Id.*

In those cases, "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* (*citing Allen v. R & H oil & Gas Co.*, 63 F.3d 1326, 1335 (5 th Cir. 1995)). That is, the test is whether it is more likely than not that the amount of the claim will exceed $75,000. *See Manguno v. Prudential Property and Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reins.,* 134 F.3d at 1253. In other words, the defendant can meet the "preponderance of the evidence" standard in two ways: "(1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (*quoting Allen*, 63 F.3d at 1335) (emphasis in original). This same standard applies to the plaintiff.[3]

---

[3] "The act of 1875 prescribes a uniform rule and there should be a consistent practice in dealing with jurisdictional questions. [. . .] The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. *And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.* We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty." *McNutt*, 298 U.S. at 189 (emphasis added).

In regards to insurance claims, the Fifth Circuit has held that policy limits do not determine the amount in controversy. *See Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). In *Hartford*, the Fifth Circuit stated that, while there were circumstances where policy limits established the amount in controversy, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim–not the face amount of the policy.'" *Id.* (*quoting* 14B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3710 (3d ed. 1998)). When previously applying this precedent, this court has found that when a party "alleges no facts to establish the value of plaintiff's claim," and instead "relies mainly on the policy limits," the party has "failed to establish that the amount in controversy meets the jurisdictional minimum." *Miri v. State Farm Fire & Casualty Co.*, 2008 WL 4758626 *2 (E.D. La.) (J. Berrigan).

Furthermore, in order to show affirmative proof in regards to the amount in controversy, the party seeking to establish subject matter jurisdiction "should [ ] provide[ ] the Court with the amount of plaintiff's claims along with payments tendered. The Court, in order to fulfill its duty to ensure it has proper jurisdiction over this matter, requires specificity from the parties[.]" *Fernández v. Allstate Insurance Co.*, 2008 WL 314405, *2 (E.D. La) (J. Berrigan). Parties may meet the proof threshold if they provide the Court with evidence implicating the limits of their policy, or if they submit damage assessments or repair estimates for the property. *Id. See also Sea Trek, Inc. v. Sundeland Marine Mut. Ins. Co.*, 1995 WL 442062 (E.D. La. July 24, 1995) (calculating amount in

controversy based on receipts, affidavits, and deductible contained in insurance policy).

An important issue in calculating the jurisdictional amount in insurance policy cases stemming from Hurricane Katrina arises from *Sher v. Lafayette Insurance Co.*, 978 So.2d 39 (La. App. 4 Circ. 2007), a court decision which was in force at the time of the initial filing of this lawsuit, which is the time at which the jurisdictional amount is to be determined.[4] In that case, the Louisiana Fourth Circuit Court of Appeals allowed flood damage to be claimed under insurance policies that were written ambiguously. *Id*.

The issue of whether statutory penalties could be included in the jurisdictional amount is controlled by Fifth Circuit precedent. *St. Paul Reins. Co., Ltd.*, 134 F.3d at 1254-55 (*citing Buras v. Birmingham Fire Insurance Co. of Pennsylvania*, 327 F.2d 238 (5th Cir. 1964)). In *Buras*, the Fifth Circuit "considered whether a 'penalty' of six percent per annum mandated under a Louisiana statute for the unjustified failure to pay a life insurance claim timely should be included in the jurisdictional amount." *Id*. There, it was held that the charge was "intended to be in the nature of a coercive penalty towards prompt settlement" and thus, could serve to establish jurisdiction. *Id.*. This reasoning was continued in *St. Paul Reinsurance Co., Ltd.*, where a similar statute was examined in the state of Texas. *See Id.* at 1253. In fact, the Court in *St. Paul Reinsurance Co., Ltd.* was even

---

[4] *Sher v. Lafayette Insurance Co.* has since been reversed in part. *Sher v. Lafayette Insurance Co.*, 988 So.2d 186, 2007-2441 (La. 4/8/08). On appeal, the Louisiana Supreme Court further defined the word "flood" and held that "water that flowed through levees broken by Hurricane Katrina was 'flood' within the meaning of flood exclusion." *Id*. They also held that the "statutory amendment increasing penalties... could not be applied retroactively." *Id*.

7

more explicit in its analysis when it said: "It would be ludicrous [ ] to include something as speculative as punitive damages–which all agree is includible–while excluding the automatic penalty provided in the insurance code." *Id.* at 1255. Nevertheless, even though the Fifth Circuit held that a statutory penalty that requires no adjudication could be used to establish threshold jurisdiction**,** *Id.* at 1254, it did not in so holding say that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. Additionally, the Louisiana statute outlines six specific actions that would constitute a breach that would justify claiming penalties. Thus, the party seeking to include attorney fees and penalties in the jurisdictional amount "must present facts indicating the propriety of such penalties." *Thompson v. Allstate Insurance Co.*, 2007 WL 763219, *1 (E.D. La) (J. Berrigan).

### b. ANALYSIS

Plaintiffs have not presented sufficient evidence to claim that the jurisdictional amount has been met. In regards to actual damages, the parties first point to the Plaintiffs' policy limits. This alone, however, is not enough. It is well settled that the jurisdictional amount in controversy is measured by the value of the underlying claim–not the face amount of the policy. *See Hartford*, 293 at 911. The parties must rely on the actual cost of repair for the damages to Plaintiffs' property. For their part, Plaintiffs estimate the damages to be $161,701 for structure and $50,000 for contents. Plaintiffs do not, however, provide affirmative proof of the damage. The Court requires specificity from the parties in order to ensure that it has proper jurisdiction. *See Fernández*, 2008 WL 314405,

*2. Thus, the Plaintiffs' estimates, without more, is not enough to provide the Court with jurisdiction.

Additionally, even if Plaintiffs could claim flood damages to satisfy the amount in controversy under *Sher*, Plaintiffs have not provided this Court with any documentation of the damages they claim their property sustained because of flooding as opposed to hurricane-force winds. Furthermore, *Sher* stated that flood damage could be claimed under insurance policies that were written ambiguously. *See Sher,* 978 So.2d 39. The Court has no way of determining whether the insurance policy is written ambiguously or not based on the record currently before it.

Finally, in regards to the statutory penalties, neither party does more than merely state that the Plaintiffs claim to have a right to statutory penalties.[5] In order for such penalties to be included in calculating the jurisdictional amount, the parties must present facts indicating the propriety of such penalties. *Id.* at *2 (referring to *Thompson* 2007 WL 763219, *1). While the Fifth Circuit has held that a statutory penalty that requires no adjudication could be used to establish threshold jurisdiction, *St. Paul Reins. Co., Ltd.*, 134 F.3d at 1254, it did not in so holding say that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. Additionally, the Louisiana statute outlines six specific actions that would constitute a breach that would justify claiming penalties. The parties could have presented facts indicating that the insurer's actions constituted a breach. They did not do so. Thus, the fact that Plaintiffs claim

---

[5]Plaintiffs have not provided any evidence of submitting a satisfactory proof of loss or any affirmative proof.

9

statutory penalties should not be considered in calculating the jurisdictional amount.

**III. CONCLUSION**

Based on the record and the law, the Court finds that the parties have not established the jurisdictional minimum and consequently have not established subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that this matter be **DISMISSED** for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, this 2nd day of July, 2009.

_____
**HELEN G. BERRIGAN**
**U.S. DISTRICT COURT JUDGE**